Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Bobby Hoffman**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Pride Security LLC**, an Arizona company; **Roy Gartley** an Alabama resident; and **Jillian Gartley** an Alabama resident;<br><br>Defendants. | **Case No.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Bobby Hoffman ("**Plaintiff**"), for his Verified Complaint against Defendants Pride Security LLC, ("**Pride Security**"); Roy Gartley; and Jillian Gartley (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

**PARTIES**

6. At all relevant times to the matters alleged herein, Plaintiff Bobby Hoffman resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Bobby Hoffman was a full-time employee of Defendants from on or around December 21, 2021, to present ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Bobby Hoffman was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Bobby Hoffman was a non-exempt employee.

10. Defendant Pride Security is a company authorized to do business in Arizona.

11. Defendant Pride Security was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Roy Gartley is an Alabama resident.

13. Defendant Roy Gartley directly caused events to take place giving rise to this

action.

14. Defendant Roy Gartley was an owner of Pride Security.

15. Defendant Roy Gartley was an employer of Pride Security.

16. Defendant Roy Gartley was a member of Pride Security.

17. Defendant Roy Gartley has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Roy Gartley supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

19. Defendant Roy Gartley gave instructions for where employees would be stationed.

20. Defendant Roy Gartley determined the rate and method of Plaintiff's payment of wages.

21. Defendant Roy Gartley approved payroll.

22. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Roy Gartley is subject to individual and personal liability under the FLSA.

23. Defendant Jillian Gartley is an Alabama resident.

24. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Jillian Gartley and Defendant Roy Gartley were legally married.

25. Defendant Jillian Gartley and Defendant Roy Gartley have caused events to take place giving rise to this action as to which their marital community is fully liable.

26. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

27. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

28. Defendants, and each of them, are sued in both their individual and corporate capacities.

29. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

30. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

31. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

32. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2023.

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

36. Plaintiff used the telephone to communicate with Defendants.

37. Plaintiff is a covered employee under individual coverage.

38. Plaintiffs is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

39. The entity Defendant is a security company.

40. On or around December 21, 2021, Plaintiff Bobby Hoffman commenced employment with Defendants as a security guard.

41. Plaintiff's primary job duties included patrolling property that was being developed.

42. Plaintiff Bobby Hoffman was to be paid $14.00 an hour.

43. Plaintiff Bobby Hoffman routinely worked in excess of 40 hours per week.

44. Defendants paid Plaintiff straight time for all hours worked over 40 hours.

45. Plaintiff Bobby Hoffman estimates that he was working approximately 84 hours a week.

46. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all their worked overtime hours.

47. For example, during the workweek of January 2, 2023, Plaintiff Bobby Hoffman worked an estimated 84 hours and did not receive overtime pay.

48. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

49. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

50. Defendants required Plaintiff to work overtime as a condition of his employment.

51. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

52. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

54. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

55. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

56. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

58. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

59. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

60. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

61. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

62. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

63. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

64. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

65. Defendants have not made a good faith effort to comply with the FLSA.

66. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 6, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Bobby Hoffman declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Bobby Hoffman