Chad Conelly (SBN 022394)
Emily Dierberg Armstrong (SBN 030082)
**CONELLY LAW GROUP PLLC**
Indian Bend Corporate Centre
8161 E. Indian Bend Road, Suite 103
Scottsdale, Arizona 85250
Telephone: (480) 268-2658
cc@arizonalegal.com
ea@arizonalegal.com
*Attorney for Defendants*

Jason Barrat (SBN 029086)
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: (480) 442-3410
jbarrat@weilerlaw.conm
*Attorneys for Plaintiff Hoffman and potential*
*Opt-In Members Manchester, Gudino, and Pederson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bobby Hoffman,<br><br>                    Plaintiff,<br><br>v.<br><br>Pride Security, LLC, *et. al*<br><br>                    Defendants. | Case No.: 2:23-CV-01247-DJH<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS OR, ALTERNATIVELY, DISMISS CASE WITH PREJUDICE** |

Plaintiff Bobby Hoffman, potential opt-in Plaintiffs Major Manchester, Isaac Gudino, West Pedersen, and Defendants Pride Security, LLC, Roy Gartley, and Jillian Bernheim (collectively the "Parties") respectfully request the Court (1) enter an order approving the settlement agreements the Parties have reached in this case under the Fair Labor Standards Act ("FLSA") and dismiss the case with prejudice, or in the alternative, (2) enter an order finding

1

Court approval of FLSA settlements are neither authorized nor necessary and dismiss the case with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL AND PROCEDURAL BACKGROUND.

Defendant Pride Security, LLC is an Arizona LLC.  The individual defendants Roy Gartley and Jillian Gartley are former owners of Pride Security, LLC. They reside in Alabama. In 2023, Pride Security, LLC ceased operations.

Plaintiff Hoffman filed his initial verified complaint in this action on July 6, 2023 alleging he worked over 40 hours in a week and was not paid overtime in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff previously worked as a security guard for Pride Security, LLC. Defendants answered Plaintiff's original complaint, denying all material allegations.

On August 29, 2023, Plaintiff filed an Amended "Collective Action Complaint" for himself and others "similarly situated." On September 5, 2023, Plaintiff moved for conditional certification of the collective class members. Defendants filed their Response in opposition on September 19, 2023. Plaintiff filed his Reply on September 26, 2023. The Court has not ruled upon that briefing.

On August 30, 2023, Plaintiff filed a Notice of Filing Opt-In Consent Form for potential opt-in member Major Manchester. Mr. Manchester is a former employee of Pride Security, LLC who claims Defendants failed to pay him overtime in violation of the FLSA.

On August 31, 2023, Plaintiff filed a Notice of Filing Opt-In Consent Form for potential opt-in member Isaac Gudino. Mr. Gudino is a former employee of Pride Security, LLC who claims Defendants failed to pay him overtime in violation of the FLSA.

On September 8, 2023, Plaintiff filed a Notice of Filing Opt-In Consent Form for potential opt-in member West Pedersen. Mr. Pedersen is a former employee of Pride Security, LLC who claims Defendants failed to pay him overtime in violation of the FLSA.

4870-0137-1280, v. 2

1  Mr. Hoffman and the potential opt-in members, Mr. Manchester, Mr. Gudino, and Mr.

2  Pederson, have settled all their claims against Defendants, contingent upon this Court

3  approving the settlement or dismissing the case with prejudice.

4  **II.    THE PARTIES' REQUESTS AND APPLICABLE LAW.**

5  **A.    Request for Approval of the Settlement Agreements.**

6  Courts around the country, including in the Arizona District Court, are at odds about

7  whether court approval of individual FLSA settlements is authorized or required. Indeed, in the

8  past two years, this Court and Judge Tielborg have granted motions to approve FLSA

9  settlements. Judge Lanza, on the other hand, entered two recent orders finding District Courts

10  may not and need not approve individual FLSA settlements.

11  In *Rape v. Shrader & Martinez Constr. USA LLC,* No. CV-21-08158-PCT-DJH, 2022 WL

12  4182351, at *1 (D. Ariz. Sept. 12, 2022), this Court granted the parties' Joint Motion to

13  Approve Settlement Agreement and Dismiss the case. The Court recognized:

14
15  > Unlike most private settlements negotiated between parties in a civil
action for damages, in a FLSA case or class action, the parties **must**
seek the district court's approval of the settlement's terms to ensure
16  > that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at
*3 (D. Ariz. 2013) (citations omitted). In deciding whether to approve
17  > the parties' settlement, courts in the Ninth Circuit follow *Lynn's Foods.*
18  > *Villarreal v. Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10,
2016); *Lopez v. Arizona Pub. Serv. Co.*, 2010 WL 1403873, at *1 (D.
19  > Ariz. Jan. 27, 2010).
20

21  *Id.* at *1 (emphasis added).  This Court reviewed the proposed settlement agreement, found the

22  agreement reflected a fair and reasonable resolution of the FLSA claim, and ordered approving

23  the settlement agreement.

24  Judge Tielborg takes the same approach as this Court. In *Wilkerson v. Healthcare Support*

25  *Staffing Inc.,* No. CV-21-01427-PHX-JAT, 2023 WL 2814128, at *1 (D. Ariz. Apr. 6, 2023), the

26  court approved the parties' individual FLSA settlement, reasoning:

27
28  > The parties have reached a settlement resolving all of Plaintiff's claims
in this case and have submitted their agreement for court approval.
> The Court normally does not rule on a private settlement negotiated

1
2
3
4
5
6
7
8
9

between parties. But "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter.*, 602 Fed. App'x 682, 682 (9th Cir. 2015); *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties to an FLSA case must therefore seek approval of their settlement agreement to ensure its enforceability. *Bogor v. Am. Pony Express, Inc.*, 2011 WL 13091957, at *1 (D. Ariz. May 24, 2011) (citations omitted). Lacking Ninth Circuit guidance, district courts in this circuit typically apply the Eleventh Circuit's standard in considering whether to approve FLSA settlement agreements. *Quintana v. HealthPlanOne LLC*, 2019 WL 3342339 (D. Ariz. July 25, 2019). Under this standard a settlement agreement should be approved if it "is a fair and reasonable res[o]lution of a bona fide dispute." *Lynn's Food Stores Inc.*, 679 F.2d at 1355.

10
11

*Id.* at *1. The Court reviewed the proposed settlement agreement, found the agreement was fair and reasonable, and ordered approving the settlement agreement. *Id.*

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judge Lanza of the Arizona District Court has taken a different view, ruling recently that judicial approval of individual FLSA settlements are neither authorized nor necessary. In *Evans v. Centurion Managed Care of Arizona LLC*, No. CV-23-00282-PHX-DWL, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023), Judge Lanza considered the parties' request to approve the settlement of an FLSA action. The court recognized that the Ninth Circuit has stated in an unpublished decision that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court," *id.* at *2, quoting *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015), while also recognizing that the rule in the Ninth Circuit is that unpublished dispositions and orders of this Court are not precedent. *Id.* Outside the Ninth Circuit, there is a split of authority on this issue, and in circuits where the law on this issue is unsettled, district courts often assume, without discussion, that they must approve FLSA settlements. *Id.* (discussing positions of other circuit and district courts). The court recognized that the Arizona District Court "has previously engaged in the process of approving settlements in individual FLSA actions" but decided that upon careful reflection, the court "now joins the growing number of courts that have concluded that judicial approval is neither authorized nor necessary in this circumstance." *Id.* at *1. Accordingly, the court explained its reasoning and denied the motion for settlement approval without prejudice, stating:

4870-0137-1280, v. 2

1

2

3

4

5

6

7

8

> However, the Court also recognizes that the parties may wish to be further heard on the judicial-approval issue. Because district courts in the District of Arizona (including this Court) have routinely and uncritically engaged in the settlement-approval process in past FLSA cases, it is understandable why the parties may have believed that a reference to *Lynn's Food* would be sufficient to establish the propriety and necessity of judicial review here. Thus, to the extent the parties wish to attempt to make a more comprehensive showing on that issue (and attempt to demonstrate why the conclusions reached in this order are incorrect), they are free to do so and the Court will consider their arguments with an open mind.

9

*Id.* at *5.

10    Judge Lanza took the same position in another recent case, *Robbins v. Cien Auto Werks,*

11    *LLC*, No. CV-23-00541-PHX-DWL(D. Ariz. Aug. 9, 2023 Docket Entry). That case also

12    concerned a request for court approval of an individual FLSA claim. Reiterating his decision in

13    *Evans*, Judge Lanza ruled the parties could challenge the reasoning set forth in *Evans* and file a

14    renewed motion for approval of their settlement agreement or file a stipulation for dismissal.

15    *Id.* Ultimately, the parties stipulated to dismiss the case.

16    Because the unpublished orders in *Rape, Evans*, *Robbins*, and *Wilkerson* are not precedent;

17    because the Arizona District Court historically *did* engage in the process of reviewing and

18    approving FLSA settlements; and because the Ninth Circuit has cited the *Lynn's Food Stores* case

19    with approval for the proposition that parties must seek the district court's approval of FLSA

20    case settlement terms to ensure it is enforceable and fair, the Parties respectfully request the

21    Court approve their settlements.

22    If a settlement reflects a "reasonable compromise over issues, such as FLSA coverage or

23    computation of back wages, that are actually in dispute," the District Court may approve the

24    settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's Food*

25    *Stores*, 679 F.2d at 1354; *Rape v. Shrader & Martinez Construction USA LLC,* No. CV-21-08158-

26    PCT-DJH, 2022 WL 4182351, at *1 (D. Ariz. Sept. 12, 2022) (citing *Lynn's FoodStores* at 1354).

27    If a settlement reflects a "reasonable compromise over issues, such as ... computation of back

28    wages, that are actually in dispute," the district court may approve the settlement "in order to

4870-0137-1280, v. 2

1   promote the policy of encouraging settlement of the litigation." *Id.* (citing *Lynn's FoodStores* at

2   1354). The settlements must be fair and reasonable. *Id.* (citing *Lynn's FoodStores* at 1353).

3          The terms of the Parties' settlements are fair and reasonable. The Parties are attaching to

4   this Joint Motion each of the proposed settlement agreements:

5          • Exhibit "A": settlement of Mr. Hoffman's claims against Defendants;

6          • Exhibit "B": settlement of Mr. Manchester's claims against Defendants;

7          • Exhibit "C": settlement of Mr. Gudino's claims against Defendants; and

8          • Exhibit "D": settlement of Mr. Pedersen's claims against Defendants.

9          These agreements are identical except for the settlement amounts since the amount of

10  unpaid overtime each Plaintiff claims differs. All Plaintiffs allege all Defendants were their

11  "employers" under the FLSA and they failed to pay them overtime compensation due to their

12  status as a non-exempt employee. While Plaintiffs are confident they would prevail on the

13  merits of the liability claims, legitimate disputes exist about which Defendant was an

14  "employer" under the FLSA; the number of hours Plaintiffs actually worked; what Plaintiffs

15  were actually paid; and whether Defendants had a good-faith basis for the way Plaintiffs were

16  paid, which is relevant to the issue of liquidated damages. Defendants deny all liability.

17  Accordingly, there is a *bona fide* dispute between Plaintiffs and Defendants that is fully resolved

18  by the proposed settlement agreement.

19         The settlement provides for meaningful compensation well within the possible range of

20  recovery. The Parties undertook formal discovery to meaningfully determine the applicable

21  settlement values. The scope of the release is appropriate. And there has been no fraud or

22  collusion between the Parties. The Parties' attorneys have carefully negotiated, in good faith,

23  the settlement of each Plaintiff's claims to achieve a fair and reasonable compromise of the

24  disputed issues of fact and law and in order to fully resolve their claims against Defendants.

25         Although denying any liability, solely to resolve the matter, Defendant Pride Security,

26  LLC has agreed to pay these amounts:

27         • *Mr. Hoffman*: $20,250.00 paid as follows: (a) $5,838.00 less applicable tax

28            withholdings for the disputed unpaid overtime hours; (b) $5,838.00 as a non-

4870-0137-1280, v. 2

wage payment; (c) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (d) attorneys' fees and costs of $8,324.00.

- *Mr. Manchester*: $20,250.00 paid as follows: (a) $11,676.00 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorneys' fees and costs of $8,324.00.

- *Mr. Gudino*: $3,750.00 paid as follows: (a) $2,100.00 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorneys' fees and costs of $1,400.00.

- *Mr. Pedersen*: $12,250.00 paid as follows: (a) $6,876.00 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorneys' fees and costs of $5,124.00

As part of the settlement of this FLSA action, as stated above, Defendants agree to pay Plaintiffs attorneys' fees and out-of-pocket costs in the amount of $23,172.00 under 29 U.S.C. § 216(b). Such fees were negotiated by the Parties at arm's length and therefore carry a presumption of reasonableness. *See In re First Capital Holdings Corp. Financial Products Securities Litigation*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992), *appeal dismissed*, 33 F.3d 29 (9th Cir. 1994). Both Plaintiffs and Defendants, through their respective counsel, represent to the Court that their agreements are fair, equitable, and in compliance with the policies of the FLSA. All Parties were represented by competent counsel with experience in this area of the law.

4870-0137-1280, v. 2

The Parties respectfully request the Court enter proposed order no. 1 they are submitting with this Joint Motion: (1) granting their Joint Motion; (2) approving the settlement agreements; (3) that the payments shall be distributed in accordance with the settlement agreements; (4) denying as moot Plaintiff's Motion for Conditional Certification; and (4) dismissing this action with prejudice, each party to bear their on attorneys' fees and costs, except as stated in the settlement agreements.

### B.    Alternatively, Request for Dismissal With Prejudice.

If this Court changes course and follows Judge Lanza in finding that judicial approval of individual FLSA settlements are neither authorized nor necessary, the Parties respectfully request the Court enter proposed order no. 2 they are submitting with this Joint Motion: (1) finding judicial approval of individual FLSA settlements are neither authorized nor necessary, and (2) dismissing this action with prejudice, each party to bear their on attorneys' fees and costs.

## III.    CONCLUSION.

The Parties respectfully request the Court grant their Joint Motion; approve the settlement agreements; order that the payments shall be distributed in accordance with the settlement agreements; deny as moot Plaintiff's Motion for Conditional Certification; and dismiss this action with prejudice, each party to bear their on attorneys' fees and costs, except as stated in the settlement agreements.

Alternatively, if the Court decides judicial approval of individual FLSA settlements are neither authorized nor necessary, the Parties respectfully request the Court enter an order expressly finding such and dismissing this action with prejudice, each party to bear their own attorneys' fees and costs.

RESPECTFULLY SUBMITTED: December 18, 2023.

CONELLY LAW GROUP PLLC

*/s/ Chad Conelly*
Chad Conelly
Emily Dierberg Armstrong
*Attorneys for Defendants*

8

4870-0137-1280, v. 2

WEILER LAW PLLC


*/s/ Jason Barrat (with permission)*
Jason Barrat
*Attorneys for Plaintiff Hoffman and potential*
*Opt-In Members Manchester, Gudino, and Pederson*


## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on December 18, 2023, I electronically transmitted this document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

Jason Barrat
WEILER LAW PLLC
jbarrat@weilerlaw.com
*Attorneys for Plaintiffs*


*/s/ Chad Conelly*