**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Hoffman,<br><br>            Plaintiff,<br><br>v.<br><br>Pride Security LLC, et al.,<br><br>           Defendants. | No. CV-23-01247-PHX-DJH<br><br>**ORDER** |

The parties have filed a "Joint Motion to Approve the Settlement Agreements or, Alternatively, dismiss this case with Prejudice" (Doc. 47). For the reasons set forth below, the Court grants the parties Motion and approves their proposed settlement.

**I.  Background**

This case was brought by Plaintiffs Bobby Hoffman, Major Manchester, Isaac Gudino, and West Pedersen (collectively, "Plaintiffs") who all worked as security guards for Defendant Pride Security, LLC ("Defendant Pride Security"). (Doc. 1 at ¶ 40). Plaintiffs allege that they "routinely" worked more than forty hours per week for Defendant, normally around eighty-four hours a week. (*Id*. at ¶¶ 43–45). Plaintiffs alleges that Defendant required them to work overtime hours but that they did not receive overtime pay. (*Id*. at ¶¶ 46–50). Thus, Plaintiffs brought suit against Defendant Pride Security, its owner Roy Gartley ("Mr. Gartley"), and Mr. Gartley's wife Jillian, alleging failure to pay overtime in violation of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201–219. (*Id*. at ¶¶ 24–25). The parties have agreed to a settlement (Doc. 44) and have filed a "Joint

Motion to Approve Settlement Agreements or, Alternatively, Dismiss the Case with Prejudice" (Doc. 47). The parties have attached the proposed settlement agreements as exhibits to their Motion. (Doc. 47-1 at 1–12; 29–40; 57–68; 85–96).

As outlined in their settlement agreements, the parties have agreed to settle Plaintiffs' claims under the following terms and Defendants agree to pay:

- Mr. Hoffman agrees to a $20,250 settlement as follows: (a) $5,838.00 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $5,838.00 as a non-wage payment; (c) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (d) attorney's fees and costs of $8,324.00;

- Mr. Manchester agrees to a $20,250 settlement as follows: (a) $11,676.00 less applicable tax withholdings for the disputed overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorney's fees and costs of $8,324.00;

- Mr. Gudino agrees to a $3,750 settlement as follows: (a) $2,100 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorney's fees and costs of $8,324.00; and

- Mr. Pedersen agrees to a $12,250 settlement as follows: (a) $6,876.00 less applicable tax withholdings for the disputed unpaid overtime hours; (b) $250.00 for the general release of all non-FLSA claims and covenants not to sue, and the other terms of the settlement agreement unrelated to the payment of wages and his FLSA claims; and (c) attorney's fees and costs of $5,124.00.

(Doc. 47 at 6-7).

## II.     Legal Standard

The issue before the Court is whether it must, or should, continue reviewing FLSA settlements for fairness and reasonableness. There is no binding precedent in the Ninth Circuit that gives the Court guidance on this issue. Because of this, district courts in the Ninth Circuit have routinely utilized the Eleventh Circuit's standard set out in *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) when reviewing FLSA settlement agreements. *See Rape v. Shrader & Martinez Constr. USA LLC*, 2022 WL 4182351 (D. Ariz. Sept. 12, 2022) (stating that "[i]n deciding whether to approve the parties' [FLSA] settlement, courts in the Ninth Circuit follow *Lynn's Foods*.").

In *Lynn's Food Stores*, the Eleventh Circuit held that, if a settlement reflects a "reasonable compromise over [the] issues, such as . . . computation of back wages, that are actually in dispute," a district court may approve the settlement "in order to promote the policy of encouraging settlement of the litigation." *Lynn's Food Stores,* 679 F.2d at 1354. However, the settlement must be "fair and reasonable." *Id*. Furthermore, because FLSA settlements are "[u]nlike most private settlements negotiated between parties in a civil action for damages, in a FLSA case or class action, the parties ***must*** seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Juvera v. Salcido*, 2013 WL 6628039, at *3 (D. Ariz. 2013) (emphasis added).

### III.   Discussion

The parties seek the Court's approval of their Settlement Agreements, or, alternatively, to dismiss this case with prejudice without review. (Doc. 47 at 1). The Court will review the FLSA Settlement Agreements for the reasons that follow.

The FLSA states that "[a]n action to recover [] liability. . . may be maintained against an employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The FLSA provides that "the court in such action shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action." *Id*. This right only terminates when the Secretary of Labor takes an action under Section 217. *See id*. Courts around the United States have taken different positions as to the adjudicatory authority of judges reviewing FLSA settlements and a Circuit split has since developed on the courts authority to review FLSA settlements. This Circuit split was recently laid out by a court in this district in *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201, at *3 (D. Ariz. Aug. 9, 2023):

> The Eleventh and Second Circuits require judicial supervision of the FLSA settlement agreements for back wages; the Fifth Circuit carves out a narrow exception to the supervisory requirement; the Fourth, Seventh, Eighth, and Ninth Circuits have not expressly decided the issue, but have (in dicta) acknowledged the requirement of supervision; and the First, Third, Sixth, Tenth, and District of Columbia Circuit having not yet expressly addressed the issue.

As displayed above, many Circuits acknowledge the authority of the district court to review FLSA settlements to some degree, with some Circuit's requiring it. *See id.* No Circuit has decided that district courts are prohibited from reviewing FLSA settlement agreements. *See id.*

However, some courts have decided not to review FLSA settlements. The district court in *Evans* held that a court may dismiss a case requesting judicial approval of settlement because "judicial approval is neither authorized nor necessary" in FLSA cases. 2023 WL 5095201, at *3. The *Evans* court reasoned that Federal Rule of Civil Procedure 41(a)(1)(A) "strips a court of jurisdiction in the sense that it terminates the case all by itself. There is nothing left to adjudicate." *Id.* at *2. The *Evans* court noted that Rule 41(A)(1)(A) provides exceptions for "applicable federal statutes," but that the FLSA is not one of the contemplated federal statutes. *Id.* This is because the FLSA does not expressly require judicial approval and requiring it is a procedural hurdle prolonging litigation, counter to the intent of Rule 41. *Id.* at *3.

In an unpublished opinion, the Ninth Circuit held that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter., Inc.,* 602 F.App'x 682, 683 (9th Cir. 2015). Although *Seminiano* is an unpublished opinion, it gives a subtle nod to courts, within this Circuit, that judicial approval of FLSA settlement agreements is appropriate. This Court will adhere to the Ninth Circuit's view. The Ninth Circuit has held that it is "well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza* 573 F.2d 1075, 1078 (9th Cir. 1978).

Because 29 U.S.C. § 216(b) explicitly states that FLSA claims may be brought in Federal or State court, presumably it gives courts the ability to fully adjudicate those claims, i.e., approval or disapproval of settlement.

On the merits of this Motion, the Court has reviewed the parties proposed Settlement Agreements. (Doc. 47). The Court finds that these proposed settlements reflect a fair and reasonable compromise because they compensate Plaintiffs for unpaid wages and attorneys' fees and, in exchange, Defendants avoid liability. (Doc. 47 at 6). The uncertainty associated with further litigation and the void of liability supports the settlement amount. Moreover, Plaintiffs are made whole because they receive back pay and attorneys' fees associated with the cost of litigation. At this juncture, and until binding precedent requires otherwise, this Court will continue to review FLSA settlements to ensure that they are fair and reasonable. *See Lynn's Food Stores*, 679 F.2d at 1354.

Accordingly,

**IT IS HERBY ORDERED** that the Joint Motion to Approve Settlement Agreement or Alternatively, Dismiss Case with Prejudice (Doc. At 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release of All Claims (Doc. 47-1) is **approved**.

**IT IS FURTHER ORDERED** that payments shall be distributed in accordance with the Settlement Agreement. (Doc. 47-1).

**IT IS ALSO ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs in the amount of $8,333.34 (Doc. 21) is **GRANTED**.

**IT IS FINALLY ORDERED** that this action is **dismissed with prejudice**, with each party to bear their own attorneys' fees and costs, except as set forth in the Settlement Agreement (Doc. 47-1).

Dated this 12th day of February, 2024.

Honorable Diane J. Humetewa
United States District Judge